FILED

OCT 12 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 15 CR 629 |
| ) | JUDGE DURKIN |
| v. ) | Violations: 26 U.S.C. §§ 7206(1), 7212(a) |
| ) | |
| SALVATORE GALIOTO, ) | MAGISTRATE JUDGE SCHENKIER |
|     also known as "Sam Galioto," ) | **Superseding Indictment** |
|     and "Sammy Galioto" ) | |

### COUNT ONE

The SPECIAL JULY 2016 GRAND JURY charges:

1.   At times material to this Indictment:

#### INDIVIDUALS AND ENTITIES

a.   The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury, responsible for administering and enforcing the tax laws of the United States. Under these laws, individuals and partnerships were required to accurately report income to the IRS on annual income tax returns in order for the IRS to carry out its lawful function to ascertain income; compute, assess, and collect income taxes; and audit tax returns and records.

b.   Pittsfield Development, LLC was a real estate firm that owned a parcel of property located at 55 East Washington Street, Chicago, Illinois.

c.   55 E. Washington Development, LLC was a firm that was formed for the purpose of, among other things, purchasing Floors 13 through 21, the elevator

shaft, and a portion of the lobby at 55 East Washington Street, Chicago, Illinois, from Pittsfield Development, LLC.

  d. Defendant SALVATORE GALIOTO through a trust, initially named the Salvatore J. Galioto Trust, then amended to be named the JOSO Trust, held and maintained an ownership, management and beneficial interest in 55 E. Washington Development, LLC.

  e. Individual A, through a separate trust, held and maintained an ownership, management, and beneficial interest in 55 E. Washington Development, LLC.

  f. Individual B operated a tax preparation firm located in Skokie, Illinois. From in or about 2007 through 2011, defendant SALVATORE GALIOTO utilized the tax preparation services of Individual B and Individual B's tax preparation firm.

  g. Individual C was the father of defendant SALVATORE GALIOTO's spouse.

  h. Sheridan Construction General Contractor Inc. ("Sheridan Road") operated in the Chicago area as a firm engaged in general construction. Individual D was identified as the 100% shareholder of the firm.

  i. KMOOJ Construction Management Inc. ("KMOOJ") operated in the Chicago area as a firm engaged in general construction. Defendant SALVATORE GALIOTO had sole signatory authority over KMOOJ's bank accounts. Defendant

SALVATORE GALIOTO was the 100% shareholder in KMOOJ until in or about 2009 when Individual A's spouse became identified on records as a shareholder.

## BACKGROUND

j.    On or about March 28, 2007, defendant SALVATORE GALIOTO entered into a consulting agreement with Pittsfield Development, LLC. Under the terms of the agreement, Pittsfield Development, LLC agreed to pay GALIOTO the sum of $3,000,000 upon the closing of the sale of Floors 13 through 21 by Pittsfield Development, LLC to 55 E. Washington Development, LLC, in exchange for GALIOTO's consulting services beginning on or about the date of the agreement and continuing until on or about the date of the closing of the sale.

k.    On or about December 28, 2007, Pittsfield Development, LLC, sold Floors 13 through 21, the elevator shaft, and a portion of the lobby at 55 East Washington Street, Chicago, Illinois, to 55 E. Washington Development, LLC, for approximately $22,652,876.82.

l.    Entities, including 55 E. Washington Development, LLC, paid Sheridan Road and KMOOJ to be the construction management firm responsible for the demolition, renovation, and remodeling of Floors 13 through 21, the elevator shaft, and a portion of the lobby at 55 East Washington Street, Chicago, Illinois.

## THE CORRUPT ENDEAVOR

2.    From in or about 2007 until on or about October 15, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

SALVATORE GALIOTO,
also known as "Sam Galioto" and "Sammy Galioto,"

3

defendant herein, corruptly did obstruct and impede and endeavor to obstruct and impede the Internal Revenue Service in the due administration of Title 26, United States Code, namely, the correct identification and reporting of income and the assessment and collection of federal income taxes due the United States.

3. It was part of this corrupt endeavor that defendant SALVATORE GALIOTO caused to be used and used other people as nominees to conceal from the IRS his income, as well as financial and personal interest in entities, including Sheridan Road, KMOOJ, and the JOSO Trust.

4. It was further part of this corrupt endeavor that defendant SALVATORE GALIOTO withheld and caused to be withheld from the IRS, Individual B, and Individual B's tax preparation firm information related to GALIOTO's personal income and compensation, which information was necessary for the accurate calculation of GALIOTO's tax liability.

5. It was further part of this corrupt endeavor that defendant SALVATORE GALIOTO willfully attempted to evade and defeat the collection of federal income taxes by concealing from the IRS approximately $3,000,000 in income that GALIOTO earned from Pittsfield Development, LLC, by causing to be filed false partnership tax returns for 55 E. Washington Development, LLC, which partnership tax returns falsely claimed that 55 E. Washington Development, LLC earned the $3,000,000 as income in 2008, while GALIOTO filed false personal income returns for the years 2007 and 2008 that did not report the $3,000,000 in income he personally earned from Pittsfield Development, LLC.

6. It was further part of the corrupt endeavor that defendant SALVATORE GALIOTO and others working with him caused his $3,000,000 in income from Pittsfield Development, LLC to be paid to Individual C as a nominee. A portion of that income was paid to Individual C in a check for $962,121.75, dated on or about December 31, 2007. Using Individual C as a nominee was designed to and did have the effect of concealing from the IRS GALIOTO's receipt of the $3,000,000 as income.

7. It was further part of the corrupt endeavor that, after the $962,121.75 check was issued to Individual C as a nominee for defendant SALVATORE GALIOTO, Individual C signed and endorsed that check, which was then deposited into the bank account of 55 E. Washington Development, LLC. Between January 4, 2008, and February 7, 2008, 55 E. Washington Development, LLC made distributions to Sheridan Road totaling approximately $545,000.

8. It was further part of this corrupt endeavor that defendant SALVATORE GALIOTO and others working with him caused the preparation of two false Forms 1065, U.S. Return of Partnership Income, for 55 E. Washington Development, LLC for the year 2008, specifically, a false 2008 Form 1065, U.S. Return of Partnership Income, for 55 E. Washington Development, LLC signed by Individual A and dated April 15, 2009, and a false amended 2008 Form 1065, U.S. Return of Partnership Income, for 55 E. Washington Development, LLC signed by Individual A and dated October 14, 2009. These Forms 1065 falsely reported that 55 E. Washington Development, LLC had an additional $3,000,000 of income in 2008.

9. It was further part of this corrupt endeavor that defendant SALVATORE GALIOTO caused Individual B and Individual B's tax preparation firm to prepare false individual income tax returns (IRS Forms 1040) for GALIOTO for the years 2007 and 2008, specifically, a false 2007 Form 1040, U.S. Individual Income Tax Return signed by GALIOTO and dated October 15, 2008, and a false 2008 Form 1040, U.S. Individual Income Tax Return signed by GALIOTO and dated October 15, 2009. These individual income tax returns falsely omitted the $3,000,000 in income GALIOTO earned from Pittsfield Development, LLC in 2007 and 2008, income from Sheridan Road in 2007, as well as income from KMOOJ in 2008. GALIOTO caused the filing of these false individual income tax returns with the IRS, knowing that these individual income tax returns had been prepared using false information and that they inaccurately stated GALIOTO's income.

10. It was further part of this corrupt endeavor that defendant SALVATORE GALIOTO withheld and caused to be withheld from the IRS, Individual B, and Individual B's tax preparation firm information related to the income and expenses of KMOOJ, including the payment of GALIOTO's personal expenditures by KMOOJ, which information was necessary for the accurate calculation of GALIOTO's tax liability.

11. It was further part of this corrupt endeavor that defendant SALVATORE GALIOTO caused Individual B and Individual B's tax preparation firm to prepare false individual income tax returns (IRS Forms 1040) for GALIOTO for the year 2009, specifically, a false 2009 Form 1040, U.S. Individual Income Tax

Return signed by GALIOTO and dated October 15, 2010. This individual income tax return falsely omitted substantial income that GALIOTO earned and derived from KMOOJ in 2009. GALIOTO caused the filing of this false individual income tax return with the IRS, knowing that this individual income tax return had been prepared using false information and that it inaccurately stated GALIOTO's income.

12. It was further part of this corrupt endeavor that defendant SALVATORE GALIOTO caused Individual B and Individual B's tax preparation firm to prepare false individual income tax returns (IRS Forms 1040) for GALIOTO for the year 2010, specifically, a false 2010 Form 1040, U.S. Individual Income Tax Return signed by GALIOTO and dated October 15, 2011. This individual income tax return falsely omitted substantial income that GALIOTO earned and derived from KMOOJ in 2010. GALIOTO caused the filing of this false individual income tax return with the IRS, knowing that this individual income tax return had been prepared using false information and that it inaccurately stated GALIOTO's income.

13. It was further part of this corrupt endeavor that defendant SALVATORE GALIOTO misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, from the IRS the purposes of, and acts done in furtherance of, the corrupt endeavor.

All in violation of Title 26, United States Code, Section 7212(a).

## **COUNT TWO**

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about October 15, 2009, in the Northern District of Illinois, Eastern Division,

**SALVATORE GALIOTO,**
also known as "Sam Galioto" and "Sammy Galioto,"

defendant herein, who during the calendar year 2008 was married did willfully make and subscribe, and caused to be made and subscribed, a United States Individual Income Tax Return (Form 1040 with schedules and attachments) on behalf of himself and his wife for the calendar year 2008, which return was verified by a written declaration that it was made under the penalties of perjury, and filed with the Internal Revenue Service, and which return GALIOTO did not believe to be true and correct as to every material matter, in that the return falsely stated on Line 22 that total income was $149,643, when in fact GALIOTO knew that the amount set forth on Line 22 was false and fraudulent because it failed to include a substantial amount of additional income;

In violation of Title 26, United States Code, Section 7206(1).

## **COUNT THREE**

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about October 15, 2010, in the Northern District of Illinois, Eastern Division,

**SALVATORE GALIOTO,**
also known as "Sam Galioto" and "Sammy Galioto,"

defendant herein, who during the calendar year 2009 was married did willfully make and subscribe, and caused to be made and subscribed, a United States Individual Income Tax Return (Form 1040 with schedules and attachments) on behalf of himself and his wife for the calendar year 2009, which return was verified by a written declaration that it was made under the penalties of perjury, and filed with the Internal Revenue Service, and which return GALITIO did not believe to be true and correct as to every material matter, in that the return falsely stated on Line 22 that total income was –$10,119, when in fact GALIOTO knew that the amount set forth on Line 22 was false and fraudulent because it failed to include a substantial amount of additional income;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FOUR

The SPECIAL JULY 2016 GRAND JURY further charges:

On or about October 15, 2011, in the Northern District of Illinois, Eastern Division,

**SALVATORE GALIOTO,**
also known as "Sam Galioto" and "Sammy Galioto,"

defendant herein, who during the calendar year 2010 was married did willfully make and subscribe, and cause to be made and subscribed, a United States Individual Income Tax Return (Form 1040 with schedules and attachments) on behalf of himself and his wife for the calendar year 2010, which return was verified by a written declaration that it was made under the penalties of perjury, and filed with the Internal Revenue Service, and which return GALIOTO did not believe to be true and correct as to every material matter, in that the return falsely stated on Line 22 that total income was $22,224, when in fact GALIOTO knew that the amount set forth on Line 22 was false and fraudulent because it failed to include a substantial amount of additional income;

In violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY